# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYAN P. O'BOYLE,

Plaintiff,

v.

MARK SHEREMETA, ANA ROMERO-PEREZ, KRISTOPHER MADUSCHA, NASH DATHE, NATHAN LOCICERO, and SHAWN HUMITZ,

Defendants.

Case No. 24-CV-895-JPS
7th Cir. Case No. 26-3015

**ORDER**

In August 2026, the Court dismissed Plaintiff Ryan O'Boyle's ("Plaintiff") federal law claims with prejudice and declined to exercise supplemental jurisdiction over Plaintiff's state law claims in conjunction with granting Defendants' motion for summary judgment. ECF No. 98. In October 2026, Plaintiff appealed the dismissal of his case to the Seventh Circuit, ECF No. 100, and filed a motion for leave to appeal in forma pauperis. ECF No. 102. For the reasons discussed below, Plaintiff's motion will be granted.

Federal Rule of Appellate Procedure 24(a) provides that a party "who desires to appeal in forma pauperis must file a motion in the district court" with an affidavit demonstrating (1) "the party's inability to pay or to give security for fees and costs," (2) "an entitlement to redress," and (3) "the issues that the party intends to present on appeal." Further, Plaintiff may not proceed without prepayment of the filing fee on appeal if the Court determines that "the appeal is not taken in good faith." *Flournoy v. Winnebago Cnty. Sheriff's Off.*, No. 14-cv-528-jdp, 2015 U.S. Dist. LEXIS

49375, at *1 (W.D. Wis. Apr. 15, 2015) (citing *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)); 28 U.S.C. § 1915(a)(3). To determine whether a prisoner takes an appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

Plaintiff's motion meets these requirements. First, Plaintiff has demonstrated his inability to pay. In his motion Plaintiff avers under oath that he has a monthly income of $365 and monthly costs of $75–200. ECF No. 102-1 at 2–3. Further, he holds $168.85 in cash, $250 in valuable property, and a vehicle estimated to be worth $3,910–5,010. *Id.* While Plaintiff does hold some small assets, the Court is nevertheless satisfied that he has demonstrated indigence. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980) ("[A] person need not be absolutely destitute in order to enjoy the benefit."); *Maboneza v. Kincaid*, 798 Fed. App'x. 19, 22 (7th Cir. 2020) ("Courts have broad discretion in assessing the sufficiency of an applicant's evidence of poverty. . . ."). Based on these representations, the Court accepts that Plaintiff is indigent and cannot afford to pay the appellate filing fee.

Further, Plaintiff has "claim[ed] an entitlement to redress" and "state[d] the issues that [he] intends to present on appeal." FED. R. APP. P. 24(a)(1)(B)–(C); ECF No. 103. Plaintiff's appeal also appears to be taken in good faith and seeks review of issues that are not clearly frivolous. ECF No. 103. For these reasons, the Court will grant Plaintiff leave to appeal in forma pauperis.

Accordingly,

**IT IS ORDERED** that Plaintiff Ryan O'Boyle's motion for leave to appeal without prepayment of the filing fee, ECF No. 102, be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge